# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARISOL VIVANCO, individually and as successor in interest to SOLTON VIVANCO GONZALEZ**<br><br>**Plaintiff,**<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,** *et al*.,<br><br>**Defendants.** | 1:17-cv-00434-LJO-BAM<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS (Doc.4)** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and

without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. **INTRODUCTION**

On March 24, 2017, California Department of Corrections and Rehabilitation ("CDCR") and Pleasant Valley State Prison ("PVSP") Warden Scott Frauenheim (collectively "Defendants") filed a motion to dismiss Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983 and 1988 and California Code of Civil Procedure § 377.60 related to the death of Solton Vivanco Gonzalez while in custody. Doc. 4. On April 11, 2017, Plaintiff filed an opposition. Doc. 5. On April 18, 2017, Defendants filed a reply. Doc. 6. For the following reasons, Plaintiff's complaint is DISMISSED with leave to amend.

## III. **FACTUAL BACKGROUND**[1]

Plaintiff is the mother and successor in interest of Solton Vivanco Gonzalez, who died on January 28, 2016 while incarcerated at PVSP. Doc. 1 at ¶¶ 1, 4. Mr. Gonzalez suffered from mental health issues including severe depression. *Id*. at ¶ 18. He had been prescribed psychiatric medication in the past, but was not taking any psychiatric medication at the time of his death. *Id*. at ¶¶18, 26. Mr. Gonzalez was housed in Delta Wing, an administrative segregation unit, due to a prison instructor's accusation of inappropriate sexual conduct. *Id*. at ¶¶ 19-24. Delta Wing staff allegedly called Mr. Gonzalez a pervert and other insulting names, and forced him to wear a strait jacket. *Id*. at ¶ 25. PVSP staff also covered Mr. Gonzalez's cell window and deprived him of hygiene products and reading, writing, and entertainment materials. *Id*. at ¶ 28. As a result, Mr. Gonzalez's morale declined, he became depressed, and he refused to exit his cell. *Id*. at ¶ 27.

Delta Wing regulations mandated visual welfare checks of inmates every 30 minutes. *Id*. at ¶ 29.

---

[1] The following facts are drawn from Plaintiff's complaint, and are assumed to be true only for the purpose of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

2

The welfare check procedure required a staff member to look in on the inmate and confirm the check using a handheld electronic device at a door sensor. *Id*. When conducting the welfare checks, however, prison staff regularly confirmed checks without observing the inmate. *Id*. Mental health staff similarly would regularly fail to complete mandatory morning and evening well-being checks. *Id*. at ¶ 30. On one occasion, a psychiatric technician laughed at him Mr. Gonzalez after seeing him write "Life without company, finally free." *Id*. at ¶ 31.

On the day that Mr. Gonzalez committed suicide, Officer Kwity saw Mr. Gonzalez braiding his sheets during a welfare check. *Id*. at ¶ 32. Officer Kwity asked Mr. Gonzalez what he was doing, and Mr. Gonzalez said "you'll see." *Id*. Officer Kwity announced "we got a faker," and continued his rounds without removing the sheets or alerting any other staff member. *Id*. When Officer Farra conducted the next welfare check, an inmate told the officer that he had heard a struggle in Mr. Gonzalez's cell. *Id*. at ¶ 33. When Officer Farra looked into Mr. Gonzalez's cell, he saw Mr. Gonzalez hanging from his sheet. *Id*. at 5. CDCR told Plaintiff that Mr. Gonzalez's cause of death was suicide by hanging. *Id*. at ¶ 34.

Plaintiff brings claims against the CDCR, Mr. Frauenheim in his official and individual capacities, and unnamed parties under several causes of action. Plaintiff's first claim alleges Eighth Amendment deliberate indifference by all Defendants to Mr. Gonzalez's serious medical needs, health, and safety. Doc. 1-1 at 11-12. Plaintiff's second claim asserts that the deliberate indifference was the result of Defendants' customs, practices, or policies, or lack of customs, practices, or policies. Doc. 1-1 at 12-14. Plaintiff's third claim alleges that Defendant's actions deprived Plaintiff of her parent-child relationship with Mr. Gonzalez in violation of Plaintiff's Fourteenth Amendment right to substantive due process. Doc. 1-1 at 14-15. Plaintiff's fourth claim alleges that CDCR and unnamed defendants are liable for Mr. Gonzalez's wrongful death under California Code of Civil Procedure § 377.60. Doc. 1-1 at 15-16. Finally, Plaintiff's fifth claim asserts that Mr. Frauenheim and unnamed defendants failed to adequately supervise PVSP employees, constituting deliberately indifference to Mr. Gonzalez's serious medical needs, health, and safety. Doc. 1-1 at 16.

# IV. **STANDARD OF DECISION**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the

1  allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could
2  not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection
3  Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

When a court grants a motion to dismiss, it must also decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Captial, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is improper unless it is clear that "the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

## V. <u>ANALYSIS</u>

**A.     Eleventh Amendment Immunity**

Defendants contend that Plaintiff's § 1983 claims against CDCR and against Mr. Frauenheim in his official capacity are barred by the Eleventh Amendment. Doc. 4 at 7. They argue that the Eleventh Amendment's guarantee of absolute immunity in cases where a state is the party in interest applies because CDCR is an agency of the State of California and Mr. Frauenheim is a state official. Doc. 4 at 7-8. Plaintiff has stipulated to the dismissal of her § 1983 causes of action against CDCR and against Mr. Frauenheim in his official capacity. Doc. 5 at 12. Accordingly, Plaintiff's § 1983 claims against CDCR and Mr. Frauenheim in his official capacity are DISMISSED without leave to amend.

**B.     Deliberate Indifference Claim Against Mr. Frauenheim in His Individual Capacity**

Defendants argue that Plaintiff failed to state a viable deliberate indifference claim against Mr. Frauenheim in his individual capacity. Doc. 4 at 9. Specifically, Defendants contend that Plaintiff failed to allege sufficient facts to link Mr. Frauenheim to any deprivation of Plaintiff's or Mr. Gonzalez's rights. Doc. 4 at 11. Additionally, Defendants contend that Plaintiff does not allege that Defendants were

aware of any such deprivation. *Id*. Plaintiff responds that her allegations contain sufficient facts to state a claim against Mr. Frauenheim for deliberate indifference to Mr. Gonzalez's health, safety, and medical needs, and for inadequate supervision of staff at PVSP. Doc. 5 at 8. In reply, Defendants reiterate that Plaintiff's complaint does not contain specific facts to show that Mr. Frauenheim knew or should have known that Mr. Gonzalez was not receiving appropriate medical care. Doc. 6 at 2.

Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute explicitly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 692-95 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*, and when a named defendant holds a supervisory position a causal link between him or her and the alleged misconduct must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants personally participated in the deprivation of federal rights, knew of the violations and failed to act to prevent them, or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *Lopez* takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a Court must examine whether the plaintiff's medical needs were serious. *See id.* Second, a Court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." *Id.* at 1132. "The indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, Plaintiff alleges that deliberate indifference to Mr. Gonzalez's serious medical needs and the associated civil rights violations "were the direct and proximate result of customs, practices or policies, or the lack thereof, of . . . Warden Scott Frauenheim." Doc. 1-1 at 12-13. She alleges that the "customs, practices or policies" at Pleasant Valley State Prison which purportedly led to Mr. Gonzalez's death included failures to establish a suicide prevention program, to provide staff and training in order to offer adequate psychiatric care, to implement sufficient safety and suicide prevention guidelines, and to properly classify and house suicidal inmates. Doc. 1-1 at 13. The complaint also alleges that policies exist which require PVSP correctional officers and psychiatric technicians to perform cell checks and well-being interviews, those policies are rarely followed. Doc. 1-1 at 9.

The complaint does not, however, plead specific facts demonstrating Mr. Frauenheim's role in any alleged deprivation. Plaintiff's allegations are directed at Defendants generally, making it difficult to discern which Defendant is purported to be responsible for which actions or inactions. There is no allegation that Mr. Frauenheim personally participated in any alleged conduct, and the complaint does not allege that Mr. Frauenheim was aware that PVSP staff was not adhering to the policy regarding

7

welfare checks. General allegations that do not establish a link between the conduct alleged and specific defendants do not meet the minimal pleadings required to defend against a Rule 12(b)(6) motion. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). Since any potential liability is based upon Mr. Frauenheim's actions, Plaintiff must allege with specificity what he knew and did, not what Defendants in general knew and did. Therefore, Plaintiff's claims against Mr. Frauenheim in his individual capacity are DISMISSED with leave to amend.

**C.     State Law Claims**

Defendants argue that CDCR, as a public entity of the State of California, is immune to Plaintiff's state law claims, as under California Government Code § 844.6(a)(2) California public entities are not liable for injuries to, or proximately caused by, any prisoner. Doc. 4 at 12. Plaintiff responds that § 844.6(a)(2) waives immunity where an employee fails to take reasonable action in order to provide immediate and necessary medical care to a prisoner. Doc. 5 at 10-11. Additionally, Plaintiff argues, a public entity is liable for injuries proximately caused by its failure to discharge a mandatory duty designed to protect against a particular kind of injury, unless the public entity exercises reasonable diligence to discharge that mandatory duty. *Id*. at 11. Therefore, Plaintiff argues, CDCR's immunity is waived in this matter. Defendants reply that, even if there exists a plausible legal theory under which CDCR may be liable, Plaintiff failed to properly plead that theory, observing that the complaint in this matter cites no any statute which permits lawsuits against a public entity. Doc. 6 at 2-3.

California Government Code § 844.6 provides in pertinent part:

> (a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity[2] is not liable for . . . (2) An injury to any prisoner.

Cal. Gov. Code § 844.6(a); *see also A.E. ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 638 (9th

---

[2] The CDCR is unquestionably a California public entity. *See, e.g.*, *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (identifying "state agencies such as . . . the California Department of Corrections" as "arms of the state government").

Cir. 2012) ("California public entities are not subject to common law tort liability; all liability must be pursuant to statute."). California Government Code § 845.6 provides in turn:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; *but*, except as otherwise provided by Sections 855.8 and 856, *a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care*. Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of Section 844.6.

(emphasis added).

Plaintiff argues in opposition to Defendant's motion that California Government Code § 845.6 applies. But even if the California Government Code provides for liability in this situation, the Complaint fails to specifically allege the factual or legal grounds for such a claim, and therefore does not satisfy Rule 8. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual mater, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."); *Morse v. Cnty. of Merced*, No. 1:16-cv-00142-DAD-SKO, 2016 WL 3254034, at *6-7 (E.D. Cal. June 13, 2016) (dismissing state law claim with leave to amend for failure to cite the specific statutory basis); *see also Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 809 (1969) (holding that in order to state a cause of action for government tort liability, "[e]very fact essential to the existence of statutory liability must be pleaded"). However, the Court believes it is possible Plaintiff will be able to amend her complaint to state a claim under California Government Code § 845.6, and Plaintiff's state law claim is therefore DISMISSED with leave to amend.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's § 1983 claims against CDCR and Mr. Frauenheim in his official capacity are DISMISSED without leave to amend. Plaintiff's claims against Mr. Frauenheim in his individual capacity and her state law claims for wrongful death are DISMISSED with leave to amend. Plaintiff shall file any amended complaint within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: **June 12, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE